### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ARIANNA ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: |
| v. | § | |
| | § | _____ |
| CIRCLE K. STORES, INC., | § | |
| | § | JURY DEMAND |
| Defendant. | § | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, injunctive relief, and damages to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), as amended.

### II. JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in Mobile County, Alabama, within the Southern District of Alabama.

### III. PARTIES

4. Plaintiff Arianna Ross ("Plaintiff" or "Ms. Ross") is a resident of Mobile County, Alabama.

5. Defendant Circle K Stores Inc. ("Defendant" or "Circle K") is an employer engaged in an industry affecting commerce and has more than 15 employees. Circle K operates a retail convenience store and restaurant located at 1 Creel Rd, Grand Bay, AL 36541.

### IV. ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation (Charge No. 420-2023-04348).

7. Plaintiff received a Notice of Right to Sue from the EEOC and files this action within 90 days thereof.

### V. FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant in or around early 2023 as a store associate.

9. At the time of hire and throughout her employment, Plaintiff informed Defendant of her medical conditions and provided physician's documentation outlining work restrictions, including a need for periodic seated rest due to her disability.

10. Despite being capable of performing the essential functions of her position with or without reasonable accommodations, Defendant repeatedly failed to honor Plaintiff's restrictions.

11. Plaintiff was denied the ability to perform job duties such as food preparation or dishwashing while seated, even though such accommodations posed no undue burden.

12. Plaintiff was required to submit duplicate doctor's notes and was met with hostility and skepticism by management, including comments questioning her right to sit down.

13. Plaintiff's requests for reasonable accommodations, including flexible scheduling and seated work tasks, were routinely denied or disregarded, unlike accommodations provided to non-disabled coworkers.

14. On or about August 12, 2023, following a meeting where Plaintiff stated she felt discriminated against due to her disability, Defendant terminated her employment.

15. Defendant's stated reason for termination was pretextual and inconsistent with how non-disabled employees were treated.

16. At all relevant times, Plaintiff was rated as a "Good Contributor" or "High Performer" by her supervisors in performance evaluations, reflecting satisfactory job performance.

## VI.  CAUSES OF ACTION

### Count II – Retaliation in Violation of the ADA

17. Plaintiff realleges and incorporates all preceding paragraphs.

18. Plaintiff engaged in protected activity when she:

    A. Informed Defendant of her medical condition;

    B. Provided medical documentation in support of her request for accommodation;

    C. Requested reasonable accommodations, including the ability to sit as well as flexible scheduling;

    D. Complained to management about discriminatory treatment and failure to accommodate.

19. Defendant retaliated against Plaintiff by terminating her employment in response to these protected actions.

20. The temporal proximity between Plaintiff's protected activities and her termination creates a strong inference of unlawful retaliation.

21. Defendant's stated reason for the termination was pretextual and inconsistent with its treatment of similarly situated employees engaging in comparable conduct.

22. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages including loss of income, loss of benefits of continued employment, emotional distress, and other compensable harm.

### COUNT II – Discrimination in Violation of the ADA (Disparate Treatment)

23. Plaintiff realleges and incorporates paragraphs 1-16 above.

24. Plaintiff is an individual with a disability and/or was regarded by Defendant as having a disability within the meaning of the Americans with Disabilities Act.

25. Plaintiff was qualified to perform the essential functions of her position, with or without reasonable accommodation.

26. Defendant discriminated against Plaintiff for these reasons when it treated her less favorably than similarly situated employees outside her protected class, including but not limited to subjecting her to heightened scrutiny and adverse treatment after she disclosed her medical condition, refusing to engage in the interactive process, forcing her to take leave and/or withholding work opportunities under the pretext of concern for her health despite medical clearance and her willingness and ability to work, and terminating her employment while retaining those outside her protected class.

27. Defendant's stated reasons for terminating Plaintiff were false and pretextual, and the real reason was unlawful discrimination on the basis of disability and/or perceived disability.

28. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff suffered loss of income, loss of benefits of continued employment, emotional distress, mental anguish, and other compensable injuries.

### COUNT III – Failure to Accommodate in Violation of the ADA

29. Plaintiff realleges and incorporates by reference paragraphs 1-16 above.

30. Plaintiff is an individual with a disability, or was regarded as having a disability, within the meaning of the Americans with Disabilities Act.

31. At all relevant times, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

32. Defendant was aware of Plaintiff's disability or perceived disability and of her need for reasonable accommodations to perform her job duties.

33. Plaintiff requested, or Defendant was otherwise obligated to initiate, reasonable accommodations, including but not limited to modified duties, medical leave, or other workplace adjustments.

34. Defendant failed to engage in the interactive process in good faith and failed to provide reasonable accommodations as required under the ADA.

35. As a result of Defendant's failure to accommodate, Plaintiff was denied the opportunity to perform her job under conditions equal to those afforded to non-disabled employees and was subjected to adverse employment actions, including termination.

36. Defendant's actions constitute unlawful discrimination in violation of the ADA, which prohibits an employer from failing to make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of income, emotional distress, mental anguish, and other compensable damages.

## VII. **PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that Defendant's conduct violated the ADA;

C. Award Plaintiff reinstatement or, in the alternative, front pay;

D. Award Plaintiff back pay, lost benefits, and other economic damages;

E. Award Plaintiff compensatory damages for emotional distress;

F. Award punitive damages;

G. Award attorneys' fees and costs;

H. Award pre- and post-judgment interest;

I. Grant such other relief as the Court deems just and proper.

Dated: June 3, 2025.

                                                /s/ Eric C. Sheffer
                                                Eric C. Sheffer
                                                **Counsel for Plaintiff**

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile:  (205) 254-1500
E-mail: esheffer@wigginschilds.com

                  **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

                                                /s/ Eric C. Sheffer
                                                **OF COUNSEL**